**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**RICHARD THOMAS**                                                                                          **PETITIONER**

v.                                        **CASE NO.: 5:06CV00244 BD**

**LARRY NORRIS**                                                                                                  **RESPONDENT**
**Director, Arkansas Department**
**of Correction**

**MEMORANDUM OPINION AND ORDER**

All parties consented to disposition of this case by a Magistrate Judge (docket entry # 10). For the reasons that follow, Petitioner's petition for writ of habeas corpus (#1) is dismissed with prejudice.

**I.   Background:**

On August 6, 2002, Petitioner was arrested and charged in Faulkner County, Arkansas Circuit Court with: (1) manufacturing methamphetamine; (2) committing a felony while in possession of a firearm; (3) maintaining a drug premises within 1,000 feet of a certified drug-free zone; (4) possessing drug paraphernalia with intent to manufacture methamphetamine; (5) possessing methamphetamine; (6) possessing drug paraphernalia; and (7) possessing marijuana. (#7 at pp. 26-27)

Petitioner moved to suppress evidence discovered during a search of his residence prior to his arrest. (#7 at p. 28) The trial court held a hearing on the motion to suppress

on August 18, 2003. One of the officers who conducted the search and made the arrest testified that he worked for the Conway Regional Drug Task Force, and that he and another officer from the task force went to Petitioner's residence on August 6, 2002, to follow up on information they had received about drug activity at the residence. The officers were dressed in plain clothes and wore their badges around their necks. They did not display any firearms. The officer testified that when they knocked on the door, a child answered the door, followed by Petitioner's wife. The officer explained why they were there and, while they were talking, the Petitioner came to the door. The officer testified that he told Petitioner about the information the task force had received and requested permission to search the house. According to the officer, Petitioner consented to a search of the residence and led the officers to a back bathroom where contraband was found.

Petitioner testified that he consented to the search, but that the consent was coerced. (#12-2 at p. 17) He stated that the officers told him that if he consented it would be "easier on [him]," and "they had a man in route to get a search warrant, and if they got the search warrant, of course, they would have to tear up the house." (#12-2 at p. 13)

At the conclusion of the hearing, the Judge asked Petitioner's counsel for additional case law to support of the motion to suppress. (#12-2 at p. 24) On August 25, 2006, the trial court held a brief hearing at which Petitioner's counsel presented the trial court with additional case law. (#12-2 at p. 27) The following day, the trial court denied the motion to suppress. (#7 at p. 29, #12-2 at p. 27) In announcing his ruling, the trial

judge stated that his decision turned on the credibility of the witnesses. He found that Petitioner was not threatened, but rather that he consented to the search, and the court denied the motion to suppress. (#7 at p. 29)

After the trial court denied the motion to suppress, Petitioner entered a conditional plea of guilty to the offenses of manufacturing a controlled substance, simultaneous possession of drugs and firearms, possession of drug paraphernalia with intent to manufacture methamphetamine, and maintaining a drug premises within one thousand feet of a drug-free zone. (#12-5 at p. 1)  The remaining charges were *nolle prossed*. (#12-5 at p. 1)

At the plea hearing on November 6, 2003, the Court sentenced Petitioner to a total of ten years in the Arkansas Department of Correction ("ADC") but released him on bond during the pendency of his appeal. (#7 at pp. 30-33, #12-3 at pp. 10-11)

On September 21, 2005, the Arkansas Court of Appeals affirmed the trial court's decision to deny the motion to suppress. *Thomas v. State*, CACR No. 04-195, 2005 WL 2293945, *1 (Sept. 21, 2005). On October 12, 2005, the Court of Appeals issued a mandate affirming the trial court and ordering the Petitioner to surrender immediately to the Faulkner County Sheriff . (#7 at p. 41)

On December 12, 2005, Petitioner filed a timely petition with the trial court for post-conviction relief under Arkansas Rule of Criminal Procedure 37. (#7 at p. 42) On March 7, 2006, the trial court denied the Rule 37 petition because Petitioner was not in

custody at the time he filed his petition. (#7 at p. 51) Petitioner did not appeal from the trial court's order.

Petitioner filed a petition for writ of habeas corpus with this Court on September 22, 2006. Respondent moved to dismiss the petition arguing that Petitioner is procedurally barred from federal habeas relief due to the dismissal of his post-conviction motion by the trial court. The Court denied Respondent's motion and ordered him to address the merits of the petition. (#11)

Because the Court finds that none of Petitioner's claims entitles him to relief on the merits, the exhaustion and procedural default issues need not be addressed. See *Trussell v. Bowersox*, 447 F.3d 588, 590-91 (8th Cir. 2006) cert. denied, 127 S.Ct. 583 (2006) (because procedural default does not constitute a jurisdictional bar to federal habeas review, a court may proceed to the merits in the interest of judicial economy); *Khaalid v. Bowersox*, 259 F.3d 975, 978 (8th Cir. 2001) (declining to address "the complexities of the procedural bar issue" where the claim is more easily resolved on the merits); 28 U.S.C. § 2254(b)(2) (permitting federal court to deny habeas petition on the merits notwithstanding applicant's failure to exhaust state remedies).

Petitioner seeks habeas relief on the ground that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Respondent argues that Petitioner's counsel was effective. For the reasons set forth below, Petitioner is not entitled to habeas relief.

**II.     Ineffective Assistance of Counsel Claim:**

   A.     *Standard of Review*

The deferential standards of 28 U.S.C. § 2254 are inapplicable when a federal habeas court reaches a federal constitutional claim that was not adjudicated on the merits by the state courts. In these cases, the federal habeas court conducts a *de novo* review of the claim. *Niederstadt v. Nixon*, 465 F.3d 843 (8th Cir. 2006) (citing *Pfau v. Ault*, 409 F.3d 933, 938-39 (8th Cir. 2005)). A petitioner "must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of the proceeding. "That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Thus, in order to prevail on a habeas corpus claim of ineffective assistance of counsel, a petitioner must show: (1) that trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) that there is a reasonable probability the outcome of the trial would have been different but for the substandard performance of trial counsel. See *Strickland,* 466 U.S. at 687-94. Furthermore, "[j]udicial scrutiny of

counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006). Stated another way, "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough*, 540 U.S. at 8.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), the United States Supreme Court held that the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel, and "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 58-59.

B.   *Failure to Rely on Arkansas State Law*

Petitioner claims that his trial counsel was ineffective because at the suppression hearing counsel did not argue that, under the Arkansas Constitution, the officers who requested permission to search his residence were obligated to advise him of his right to refuse to consent to the search. (#1 at p. 4) In its opinion denying the Petitioner's direct appeal, the Arkansas Court of Appeals mentioned trial counsel's failure to raise this argument stating: "[w]e recognize that *State v. Brown*, 356 Ark. 460, 156 S.W.3d 722 (2004), holds that, under the Arkansas Constitution, a home dweller must be advised of a

right to refuse consent to search.  However, in this instance, appellant did not invoke the Arkansas Constitution in his motion to suppress."

In spite of the Court of Appeals' statement, Petitioner's counsel was not ineffective for failing to raise the Arkansas Constitution argument at the suppression hearing.  As the Court of Appeals noted, *Brown* was not decided until 2004.  The task force officers searched Petitioner's home August 6, 2002, and the trial court held the suppression hearing on August 18, 2003, more than six months before the Arkansas Supreme Court decided *Brown*.  Counsel's failure to anticipate a change in the law does not constitute ineffective assistance of counsel.  See *Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999); *Johnson v. Armontrout*, 923 F.2d 107, 108 (8th Cir. 1991).

    C.    *Failure to Investigate*

For his second ineffective assistance of counsel claim, Petitioner states that counsel was ineffective for failing to investigate whether his residence was located within 1000 feet of a drug free zone.  Petitioner alleges his attorney was ineffective for not moving to dismiss the charge which, under Arkansas law, is a class "B" felony.

Where the alleged error of counsel is a failure to advise the petitioner of a potential defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.  *Hill*, 474 U.S. at 59.  In this case, Petitioner has not provided any evidence that his residence was in fact

7

more than 1000 feet from a drug-free zone in order to establish that the alleged defense would have succeeded at trial or on a motion to dismiss.

Petitioner has also failed to allege that if counsel had correctly investigated and moved to dismiss this class "B" felony charge, he would not have pleaded guilty and would have insisted on going to trial on all seven charges. Petitioner faced a maximum sentence of life in prison on each class "Y" felony, a maximum sentence of twenty years on each Class "B" felony, a maximum sentence of ten years on each class "C" felony, and a maximum sentence of one year on the class "A" misdemeanor. As a result of the plea, Petitioner received a sentence of ten years on the class "Y" and class "B" felonies to run concurrently, and the remaining charges were *nolle prossed*.

Petitioner does not allege any special circumstances to support the conclusion that he placed particular emphasis on this class "B" charge when he decided to plead guilty. *Id*. at 60. Under the circumstances, Petitioner has not established that he was prejudiced by his lawyer's failure to investigate the charge of maintaining a drug premises within 1000 feet of a drug-free zone.

D.   *Failure to Advise*

For his final claim of ineffective assistance of counsel, Petitioner claims his counsel misadvised him about the offenses to which he was pleading guilty and failed to correct the error. Petitioner claims that it was his understanding that he would be sentenced to thirty months, and that he was not pleading guilty conditionally to felonies

that fell under Arkansas's law requiring that he serve seventy percent of his sentence before becoming eligible for parole. See ARK. CODE ANN. § 16-93-611. (#1 at p. 7) Petitioner claims that, but for his counsel's errors and omissions, he would not have pleaded guilty.

A guilty plea is valid if it is a "voluntary and intelligent choice" for the defendant, given the alternatives available to him. *Brewer v. State of Iowa*, 19 F.3d 1248, 1250 (8th Cir. 1994) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970)). When a defendant receives advice from his counsel and chooses to plead guilty, the voluntariness and intelligence of the plea depend on whether counsel's advice was "within the range of competence demanded of attorneys in criminal cases." *Id*. (quoting *Hill v. Lockhart*, 474 U.S. at 56).

In this case, Petitioner testified to his understanding of the plea at the plea hearing. Petitioner testified that he was fully apprised of the charges to which he was pleading and the range of punishment for each charge. (#12-3 at pp. 3-4) Further, Petitioner has acknowledged signing a Conditional Guilty Plea Statement that listed the offenses to which he was pleading and the maximum punishment for each offense. (#12-3 at p. 7) Petitioner stated that he had reviewed the statement with his lawyer before signing it, and did not have any questions about the statement which his lawyer had not answered. (#12-3 at p. 7)

Petitioner testified that he understood that under the plea agreement the State would recommend he be sentenced to ten years on counts two, three, and four, with the sentences to run concurrently, and to a ten-year suspended sentence on count one.  (#12-3 at pp. 4-5)  The judgment and commitment order entered by the trial court was consistent with the State's recommendation and with what Petitioner stated at the hearing he understood the deal to be after discussing it with his attorney.

Further, Petitioner's counsel questioned him at the hearing about the voluntariness of hie plea.  Petitioner stated that no one had threatened him or promised him anything to secure his guilty plea.  (#12-3 at p. 6)  Finally, he testified that he was satisfied with the representation his lawyer had provided him.  (#12-3 at p. 7)

Counsel's advice was within the range of competence demanded of a criminal defense lawyer.  As set forth above, Petitioner was initially charged with seven counts, two of which carried maximum life sentences, and another two of which carried maximum sentences of twenty years in prison.  As a result of the plea agreement, three of the seven counts were *nolle prossed*, and Petitioner received ten-year sentences on the other counts, to run concurrently.   Under the circumstances, counsel's advice to accept the plea, even though it required pleading to felonies subject to the seventy-percent rule, was within the range of competence.

To the extent Petitioner is alleging that his lawyer gave him erroneous advice about his parole eligibility, the United States Supreme Court has declined to decide

whether erroneous advice as to parole eligibility may be deemed constitutionally ineffective assistance of counsel.  See *Hill*, 474 U.S. at 60.  Based on the lack of Supreme Court precedent, the Court of Appeals for the Eighth Circuit has declined to overturn state court opinions holding that failure to provide a criminal defendant with information about Arkansas's seventy-percent parole rule does not constitute ineffective assistance of counsel.  See *Ridling v. Norris*, No. 07-1852, 2008 WL 4499148 (8th Cir. Oct. 8, 2008); *Buchheit v. Norris*, 459 F.3d 849 (8th Cir. 2006).

Accordingly, counsel's failure to inform Petitioner that, if he pleaded guilty to these charges, he would be required to serve seventy-percent of his sentence does not constitute ineffective assistance of counsel.

### III.   Conclusion:

Petitioner has no sustainable grounds for habeas corpus relief.  Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1) is DISMISSED, in its entirety, with prejudice.

IT IS SO ORDERED this 7th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE